593 So.2d 961 (1992)
Clementine LEE
v.
WINN-DIXIE OF LOUISIANA, INC.
No. 91-CA-1681.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
Roy H. Maughan, Jr., Maughan, Atkinson & Martin, Ltd., Baton Rouge, for plaintiff/appellant.
Dennis Paul Juge and Kristi L. Stroebel, Sutherland, Juge, Horach & Dwyer, New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff, Clementine Lee, appeals a judgment from the Office of Workers' Compensation, which dismissed her workers' compensation suit against defendant, Winn-Dixie of Louisiana, Inc., and annulled a previous preliminary judgment. We affirm.
Facts
On October 23, 1989, Ms. Lee was working as the deli manager at the Winn-Dixie store on Chef Menteur Highway in New Orleans. Sometime in the early afternoon, Ms. Lee was discovered on the floor of the deli freezer, surrounded by cases of pies, by a co-employee, Greg Parker, who initially thought that Ms. Lee was unconscious. Just prior to this discovery, Ms. Lee had *962 been moving cases of frozen pies from the freezer to a work area. When Mr. Parker went into the freezer to try to help Ms. Lee, she was conscious. He helped her stand up, and she walked out of the freezer on her own. Mr. Parker testified at trial that Ms. Lee had no visible signs of physical injury, but that she rubbed her temples.
Mr. Parker testified that he asked Ms. Lee if she was alright, and she replied in the affirmative. He said that she recognized him and that nothing indicated that she did not know what was going on. She sat down for five or ten minutes, then went back to work. Shortly thereafter, Mr. Parker went to lunch. When he returned some 45 minutes later, Ms. Lee had completed some of her work. Around 3 p.m., Ms. Lee went to the front of the store.
The store manager, Julian Raymond Rickerson, testified that around 3 p.m. that day, Ms. Lee called pursuant to store policy to tell him she was leaving and to ask him to find out whether an accident report had been filed. When he saw her, she recognized him and she seemed fine. Mr. Walker saw Ms. Lee at the time clock around this time.
Ms. Lee then returned to the deli and told Mr. Walker that she was going out for some air. She then left the store, leaving her purse and keys under the deli counter. Mr. Walker thought that was unusual because Ms. Lee's shift was over and it was time for her to go home.
When Ms. Lee had not returned within a reasonable amount of time, Mr. Walker became concerned and went out into the parking lot to look for her. He found that Ms. Lee's car was still in the parking lot. When he was unable to locate Ms. Lee, he called her husband. When Mr. Lee got Mr. Walker's message, he came to the store and the two of them went to look for Ms. Lee.
Ms. Lee was eventually located by the local police some 36 hours after she left the store. When discovered, Ms. Lee had apparently completely lost her memory. She was taken to the emergency room at Methodist Hospital, where she was diagnosed as suffering from retrograde "psychogenic amnesia." Medical tests indicated that the amnesia was not caused by any organic or toxic condition.
At the time of trial, Ms. Lee claimed that she had not regained much of her memory. Her husband testified that she cannot go out alone, she cannot handle money, and she is unable to recognize people.
Ms. Lee filed a workers' compensation claim against Winn-Dixie, alleging that her condition was caused by the incident in the freezer. A preliminary judgment for failure to timely answer the claim was entered against Winn-Dixie on July 27, 1990 pursuant to LSA-R.S. 23:1316. After a hearing on the matter, the Office of Workers' Compensation entered a judgment dismissing plaintiff's claim and annulling the preliminary judgment, apparently on the basis of the fact that the petition had not been properly served on the defendant's registered agent for service of process. Plaintiff appeals, claiming first the dismissal of her claim was improper and, alternatively, that the annulment of the preliminary judgment was improper.
Dismissal of Worker's Compensation Claim
In dismissing the plaintiff's claim, the hearing officer found as follows:
The testimony, both medical and lay, preponderated in favor of the defendant, in that, (1) the claimant was not suffering from "psychogenic amnesia", [sic] (2) there was no accident or incident precipitating or causing or contributing to any alleged amnesia.
The hearing officer also found that "[n]either the testimony of the claimant nor her husband were [sic] worthy of belief."
We find no manifest error on the part of the hearing officer in dismissing the claim. The burdens of proof applicable to workers' compensation suits have been defined by the Louisiana Supreme Court as follows:
As in other civil suits the employee in a worker compensation proceeding initially has the burden of establishing his disability *963 and its causal relation with the employment accident by a preponderance of the evidence. In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. A claimant's disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection.
Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La. 1985).
The plaintiff in the instant case claims that she is entitled to the presumption that her alleged disability was caused by the work-related incident in the defendant's freezer. Her arguments are without merit, however, for the following reasons.
First, the trial judge found specifically that the plaintiff failed to prove that she was indeed suffering from any disability. Although the plaintiff's medical expert, Dr. George Bishop, testified unequivocally that Ms. Lee was suffering from psychogenic amnesia, the defendant's medical expert, Dr. Richard Roniger, disagreed. Dr. Roniger, who prepared a report based on an interview with the plaintiff and review of medical records, stated that memory loss was "one" of the "outstanding features" of the plaintiff's "presentation." Dr. Roniger felt that psychogenic amnesia "would be a consideration" in diagnosing the plaintiff, but stated that he did not feel that psychogenic amnesia was "necessarily the case." He noted that the outstanding feature of the medical records was the fact that the other doctors could not find any neurological or organic reason for the plaintiff's alleged condition. Significantly, Dr. Roniger stated that he thinks that the incident at Winn-Dixie had nothing to do with the plaintiff's condition.
Obviously, the hearing officer made a credibility call when he found that the evidence indicates that the plaintiff was not suffering from "psychogenic amnesia." One of the basic rules of appellate review in the State of Louisiana is that a decision based on a factfinder's "decision to credit the testimony of one of two or more witnesses" can never be "manifestly erroneous or clearly wrong." Thus, this court is bound by that finding.
The second reason the plaintiff is not entitled to the benefit of the presumption her alleged disability was caused by her employment is similar to the first. The hearing officer found that the evidence indicated that no work-related "accident or incident precipitating or causing or contributing to any alleged amnesia" occurred. The plaintiff in a worker's compensation suit has the initial burden of proving that a work-related accident occurred. Nelson v. Roadway Express, Inc., 588 So.2d 350, 353 (La.1991). A claimant's uncontradicted testimony may be sufficient to meet the plaintiff's burden on this issue, if that testimony is corroborated by the medical evidence presented in the case and if deemed credible by the trial judge. Id. In the instant case, the record contains no medical evidence to corroborate the plaintiff's contention that she was injured in a work-related accident. Certainly, the plaintiff must meet her burden of proof on this issue before she becomes entitled to the benefits of the presumption established by jurisprudence cited above.
In the instant case, the trial court's finding that the plaintiff failed to prove the occurrence of a work-related accident is based on a credibility call, which must be accepted by this court. Further, when the plaintiff has failed to prove either that she suffered a disability or that the alleged disability was caused by a work-related incident, she has simply failed to meet her burden of proof. The presumption she invokes *964 cannot apply since she failed to prove the necessary prerequisites.
Finally, we note that the record also contains evidence that the plaintiff was suffering from some memory loss, headaches, and other problems prior to the incident in the freezer. The record indicates that Ms. Lee hit her head on a post in Service Merchandise several months prior to the incident in the freezer. Mr. Parker testified that Ms. Lee had been suffering headaches, for which she frequently took medication, for several months, and that she rubbed her temples frequently. Additionally, Mr. Parker testified that the plaintiff told him three or four months prior to the accident that she was seeing a psychiatrist; she also told him sometime before the incident that she was seeing a doctor because she was having trouble with her head.
Mr. Lee's testimony also indicates that Ms. Lee was experiencing problems prior to the accident. On cross-examination, Mr. Lee admitted telling someone at the hospital that the night before the accident Ms. Lee forgot that she was taking a bath. Finally, Mr. Rickerson stated in his testimony that he had noted "unusual behavior" prior to the incident.
Thus, even if Ms. Lee had met her burden of proving the existence of a disability, as well as the existence of a work-related accident, she would not necessarily be entitled to benefit of the presumption that her disability was related to the accident since she could not prove that she was in "good health" prior to the incident. See Walton, 475 So.2d at 324.
For the reasons stated, the judgment of the Office of Worker's Compensation dismissing the plaintiff's workers' compensation claim is affirmed.
Annulment of Preliminary Judgment
Plaintiff filed her claim with the Office of Worker's Compensation on May 17, 1990. The claim was sent by certified mail to the defendant at 9662 Chef Menteur Highway, the address the employer listed on its Report of Occupational Injury, which was attached to the claim. When the defendant failed to file an answer before June 20, 1990, the plaintiff requested a preliminary judgment pursuant to LSA-R.S. 23:1316. Preliminary judgment ordering the defendant to pay $276 weekly benefits from the date of the accident until the date a hearing could be held was entered on July 27, 1990.
Thereafter, on August 21, 1990, the defendant filed an answer and exception of vagueness. Then, on August 30, 1990, the defendant filed a petition to annul the preliminary judgment, which the trial court granted, without assigning reasons, after the hearing on the merits. In the petition to annul the preliminary judgment, the defendant argued that the judgment was improperly entered because the plaintiff's petition was never properly served on its registered agent for service of process.
LSA-R.S. 23:1310.3(A)(2), relative to the procedure for initiating workers' compensation claims, provides as follows:
Upon receipt of the petition, the director shall assign the matter to a hearing officer and shall send copies of the petition by certified mail to the named defendants. Within fifteen days of receipt of the petition or within a delay for answering granted by the hearing officer not to exceed an additional ten days, a defendant shall answer the petition.
The penalty for failure to file an answer within the time period specified is established by LSA-R.S. 23:1316, which provides as follows:
If the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner the hearing officer shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of hearing officer at the request of the defendant.
In the instant case, the plaintiff admits that the petition was not served on defendant's registered agent for service of *965 process, but was simply sent by certified mail to the address listed on the Report of Occupational Injury. However, the plaintiff argues that the defendant was not entitled to service of the petition on its registered agent since LSA-R.S. 23:1310(A)(2) requires only that the petition be sent by certified mail to the named defendants.
The plaintiffs' arguments on this issue are without merit. Under the provisions of La.C.C.P. art. 1201, all civil proceedings are absolutely null unless citation and service thereof has been perfected. Additionally, when a corporation is party to a civil proceeding, "service must be made upon a registered agent, if registered agents have been designated." Murdock v. Brittco, Inc., 517 So.2d 898, 900 (La.App. 3d Cir. 1987); La.C.C.P. art. 1261.
In the instant case, it is undisputed that Winn-Dixie had designated a registered agent for service of process, which was not served with the subject petition. Since service was never properly perfected, the proceeding which resulted in the entrance of the preliminary judgment was absolutely null under La.C.C.P. art. 1201.
The plaintiff further argues that even if the defendant was entitled to service of process on its registered agent, Winn-Dixie waived that right when it filed its answer and exception of vagueness without objecting to service. La.C.C.P. art. 2002, relative to annulment of judgments for vices of form, provides as follows:
A final judgment shall be annulled if it is rendered:
. . . . .
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken....
Despite the fact that the defendant did file an answer and an exception of vagueness after the preliminary injunction was entered and before the petition to annul the preliminary injunction was filed, the judgment annulling the preliminary judgment was properly entered. In Rouyer v. Blue Cross, 447 So.2d 1223 (La.App. 5th Cir. 1984), the court addressed this exact issue under very similar factual circumstances. In rejecting the plaintiff's argument in that case, the court stated as follows:
As an alternative argument, Rouyer contends the filing of an answer submitted the defendant to the jurisdiction of the court, hence, the failure to effect a valid service is immaterial. The trial judge did not agree nor do we, because an answer filed after the confirmation and entry of a default is of no consequence and has no legal effect. Further, even if we considered the answer as a general appearance which "joined issue" retroactively, this would also constitute a bar to the default judgment.
Thus, the hearing officer's judgment annulling the preliminary judgment was proper; that judgment is hereby affirmed.
Conclusion
For the above and foregoing reasons, the hearing officer's judgment dismissing plaintiff Clementine Lee's workers' compensation claim and annulling a preliminary judgment against defendant Winn-Dixie of Louisiana, Inc. is affirmed.
AFFIRMED.