619 So.2d 151 (1993)
Milagros LOSABIA, Plaintiff-Appellee,
v.
CYPRESS HOSPITAL, et al., Defendants-Appellants.
No. 92-1105.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*152 William Howard Goforth, Lafayette, for Milagros Losabia.
John P. Aydell, Jr., A. Edward Hardin, Baton Rouge, for Cypress Hosp., et al.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
THIBODEAUX, Judge.
The defendant-employer, Louisiana Psychiatric Company, Inc., d/b/a Cypress Hospital (LPCI) appeals a workers' compensation administrative hearing officer's denial of a motion to vacate a default judgment obtained by plaintiff, Milagros Losabia. Its appeal is predicated on insufficiency of service of process which nullifies the judgment. For the following reasons, we affirm.

FACTS
Milagros Losabia was injured on October 3, 1990, while employed at Cypress Hospital, Lafayette, Louisiana, as a registered nurse. A claim for workers' compensation benefits was filed on July 18, 1991. Cypress Hospital paid only a portion of her medical expenses and she was later terminated by the hospital due to her inability to perform her job. A preliminary default judgment was rendered on November 27, 1991. A judgment confirming the default was rendered in favor of Ms. Losabia, the claimant, and against Cypress Hospital and ABC Insurance Company on December 11, 1991. The judgment was read and signed on January 30, 1992, by the administrative hearing officer.
*153 On June 11, 1991, Cypress Hospital filed the Employers' Report of Occupation Injury and Disease and identified itself as "Cypress Hospital" in the section requesting the name of the employer. The petition for workers' compensation and a Disputed Claim for Compensation were mailed to the Office of Workers' Compensation by certified mail on July 16, 1991. Service was made on Cypress Hospital as the "Employer" by certified mail on August 6, 1991. The name and address were as follows:
Cypress Hospital
302 Dulles Drive
Lafayette, LA 70506
After several requests by claimant's attorney to Cypress Hospital and its attorney to respond to the petition, and upon Cypress Hospital's failure to respond, the preliminary default was confirmed.
Thereafter, Cypress Hospital filed a motion to vacate the judgment, claiming insufficient notice of the claim. The motion was based upon the fact that "Cypress Hospital" was a trade name and had no legal existence. The claim should have been directed to Louisiana Psychiatric Company, Inc. (LPCI) which does business under the name "Cypress Hospital." Moreover, the defendant-employer argued that it has a registered agent for service of process, C.T. Corporation System located in New Orleans, Louisiana, upon which service of process should have been made.
The hearing officer denied the motion to vacate the confirmation of the preliminary default and the denial was signed on April 21, 1992. It is from this judgment that LPCI, d/b/a Cypress Hospital, appeals and asserts one assignment of error: the hearing officer erred in denying the motion to vacate the judgment by default.
The plaintiff contends that the plain language of the workers' compensation laws allow service to be made upon Cypress Hospital by certified mail and does not require the claimant to know the employer's legal name or its registered agent for service of process. To do so would place too great a burden on the average lay person involved in a workers' compensation dispute. Accordingly, Ms. Losabia argues, since the statute does not refer to corporations, partnerships, or registered agents for service of process, the clear language of the statute simply requires that an employee have a copy of the claim sent by certified mail to the employer. We agree.
LSA-R.S. 23:1310.3(B), at the time of this matter, provided:
"Upon receipt of the form, the director shall assign the matter to a hearing officer and shall send copies of the form by certified mail to the named defendants to effect service. The director may also effect service of process on any named defendant in any other manner provided by law. Within fifteen days of receipt of the form or within a delay for answering granted by the hearing officer not to exceed an additional ten days, a defendant shall file an answer." (Emphasis added).
Clearly, the statute allows the director to serve the defendant in a workers' compensation claim by certified mail. LPCI contends that this is inconsistent with the Code of Civil Procedure which provides for personal service upon a corporation. However, LSA-C.C.P. art. 1313 allows service of process by mail where an express provision of law allows mail service. Such a provision is contained in the first sentence of LSA-R.S. 23:1310.3(B). Moreover, the workers' compensation statutory framework is a specific body of written law which supersedes the Code of Civil Procedure provision for service of process on employer defendants. See, Demolle v. Dept. of Wildlife & Fisheries, 580 So.2d 1083, 1084 (La.App. 4th Cir.1991), writ denied, 586 So.2d 534 (La.1991). See also, Hayden v. Richland Parish School Board, 554 So.2d 164, 167 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990). LSA-R.S. 23:1310.3 is an express provision of law which allows the Director to serve the claim form by certified mail, this argument has no merit.
Our inquiry now is whether service of process was proper when service was made upon the pharmacist, who is employed at Cypress Hospital in Lafayette, as opposed to the LPCI-Cypress Hospital's registered *154 agent for service of process in New Orleans. In other words, did the Director serve the proper person?
The legislature is presumed to have enacted each statute with deliberate and full knowledge of all existing laws on the same subject. A particular statutory provision should be construed, not only along with the remainder of the statute, but with all laws on the same subject matter. Laws in pari materia, or upon the same subject matter, must be construed with reference to each other. Further, what is clear in one provision may be used as an aid to explain what is doubtful in another. Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022, 1033 (La.App. 3d Cir.1986). It is presumed that every word, sentence, or provision in law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Courts have the duty to interpret laws as legislated and, when possible, to honor the clear meaning of a statute as revealed by its language, purpose and history. Sanchez v. Sanchez, 582 So.2d 978, 979-980 (La.App. 1st Cir.1991).
The statutory and jurisprudential history of the workers' compensation laws reveals a clear willingness by our courts and legislature to construe its provisions liberally. The mere fact that proceedings in workers' compensation are not subject to the technical rules of evidence and procedure signifies its salutary nature as to employees injured at the workplace. Moore v. Roemer, et al., 560 So.2d 927 (La.App. 1st Cir. 1990), writ denied, 567 So.2d 75 (La.1990).
Our courts have consistently given a liberal construction to workers' compensation provisions in favor of the injured employee. Examples of this practice appear in cases involving failure by an employee to notify his employer of an accident and injury occurring on the job; it has consistently been held that failure to give notice of accident and injury, within the specified time period, is not fatal to a compensation claim unless the employer can establish that his rights were prejudiced by the employee's delay or failure to give notice of the accident causing injury. Porche v. Reliable Battery Company, 145 So.2d 655 (La.App. 4th Cir. 1962); Allen v. Freiler Industries, Inc., 246 So.2d 327 (La.App. 1st Cir.1971); Loyd v. IMC Fertilizer Inc., 557 So.2d 1078 (La. App. 2d Cir.1990), writ denied, 561 So.2d 102 (La.1990). Cf. also Haynes v. Lee White Wrecker Service, 612 So.2d 944 (La. App. 4th Cir.1993) (attorney fees and penalties properly awarded although not requested by claimant in claim form).
Moreover, our Supreme Court has recently indicated that ... "the new worker's compensation procedures ... are designed to allow a hearing officer to `decide the merits of the controversy as equitably, summarily and simply as may be' (citation omitted). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it ..." Smith v. UNR Home Products, et al, 614 So.2d 54, 55 (La.1993).
It is also significant to note that the new workers' compensation procedure specifically mandate that "[t]he hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided ..." LSA-R.S. 23:1317(A). The statutory framework which undergirds our workers' compensation system does not provide that strict adherence to the service requirements of the Code of Civil Procedure shall apply. That is an option available to the Director of the Office of Workers' Compensation if that officer chooses to exercise it. Indeed, the second sentence of LSA-R.S. 23:1310.3(B) allows that "... [t]he director may also effect service of process on any named defendant in any manner provided by law." The plain inference is that the Director is not bound by the service provisions of LSA-C.C.P. art. 1261 as suggested by the defendant-employer. The statute, LSA-R.S. 23:1310.3(B), is written in the alternative to allow the flexibility intended under the workers' compensation laws.
LPCI-Cypress Hospital filed the employer's injury form and used the name "Cypress Hospital" along with the Lafayette address; thus, the hospital as well as its attorney were aware that Ms. Losabia *155 was injured before the default judgment was entered. Likewise, the rights of LPCI-Cypress Hospital were not prejudiced by Ms. Losabia's failure to serve notice upon its registered agent for service of process in New Orleans. This court is fully aware of the cases holding that the object of service of process is to apprise the defendant of the pendency of an action against him so that he may tender any defenses that are available to him and that actual knowledge of the existence of an action cannot overcome improper citation or service. LSA-C.C.P. arts. 1202, 2002. However, the aggrieved party was not proceeding pursuant to the workers' compensation laws. Exclusive and strict compliance with the notice requirements of the Code of Civil Procedure is antithetical to the language, purpose and history of the workers' compensation scheme.
The defendant-employer places great reliance on Lee v. Winn-Dixie of Louisiana, Inc., 593 So.2d 961 (La.App. 4th Cir.1992) for the proposition that, absent proper service on a registered agent for a corporation, all civil proceedings are absolutely null. Lee is distinguishable and unpersuasive. There was no indication in Lee that the employer had any notice prior to the entry of a preliminary default. In the case sub judice, the record is transparent that notice was indisputably given. Moreover, the statute relied on in Lee did not provide for alternative means of service of process, as here. Additionally, the Third Circuit case upon which Lee relied, Murdock v. Brittco, Inc., 517 So.2d 898 (La.App. 3d Cir.1987), did not involve a workers' compensation claim. Moreover, Lee is too restrictive and is incongruous with the remedial and humanitarian character of our workers' compensation laws. To that extent, we decline to follow its holding and application.
In conclusion, not only do we find that LPCI-Cypress Hospital had actual knowledge of Ms. Losabia's disputed claim for compensation, but we also find that service of process was proper pursuant to LSA-R.S. 23:1310.3(B). For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.