633 So.2d 1313 (1994)
Shelby ANDRE
v.
CONSTRUCTION MATERIAL SHOP[1].
No. CW 93 1212.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
*1314 Harry L. Shoemaker, III, Charles Daspit, Shoemaker, Lazarre, Daspit & Blackwell, Baton Rouge, for Shelby Andre, appellant.
W. Michael Stemmans, Baton Rouge, for Construction Materials, Inc., appellee.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
Plaintiff, Shelby Andre, brings this supervisory writ application seeking reversal of a *1315 hearing officer's judgment nullifying a default judgment previously rendered against defendant, Construction Materials, Inc., and granting defendant a new trial.

FACTS
On March 19, 1991, plaintiff filed a claim for worker's compensation benefits with the Louisiana Office of Worker's Compensation. Although service of the citation by certified mail was sent by the Office of Worker's Compensation to the address listed for defendant on plaintiff's claim form, the address listed was incorrect. Later, service by certified mail was made to defendant's correct business address. In an affidavit, defendant's comptroller, Dennis Maciasz, admits receipt of the citation and attached claim form on or about July 30, 1991.
In his affidavit, Maciasz states that, upon receipt of the citation and claim form, he called plaintiff's attorney, procured an informal extension of time in which to respond, and was assured that no adverse action would be taken against defendant without prior notice. Maciasz also states that plaintiff's attorney agreed to send additional documentation concerning plaintiff's claim, but never followed through with the agreement.
Defendant filed no response to the citation. Upon plaintiff's request, a preliminary default was entered against defendant on June 10, 1992. Without prior notice to defendant, a hearing on confirmation of the default was held by the hearing officer on September 21, 1992. On November 20, 1992, the hearing officer rendered a default judgment holding defendant liable to plaintiff for $50,675.60 in medical expenses and $61,295.46 in temporary total disability payments.
On December 29, 1992, defendant filed an "Ex Parte Motion and Order for a New Trial, or Alternatively, for Contradictory Hearing for a New Trial" contending that a new trial was warranted due to: (1) improper service, (2) defective citation, (3) failure of plaintiff's attorney to notify defendant of revocation of the informal extension to respond, (4) lack of verification and signature on plaintiff's pleadings, (5) improper expansion of the pleadings by plaintiff at the default hearing, (6) prescription, (7) the judgment being improperly based on hearsay and incompetent evidence, and (8) other reasons shown in the record.
On January 5, 1993, defendant filed "Declinatory Exceptions of Insufficient Citation and Service of Process and Peremptory Exception of Prescription." On January 7, 1993, a hearing was held on defendant's exceptions and motion for new trial. Judgment was rendered on January 21, 1993 in favor of defendant "but only as to the issue of (nullifying the preliminary judgment) and granting a new trial."
The hearing officer based his decision on a case from the Louisiana Fourth Circuit Court of Appeal, Lee v. Winn-Dixie of Louisiana, Inc., 593 So.2d 961 (La.App. 4th Cir. 1992), which held that, in a worker's compensation proceeding in which a corporation is a party, service must be made upon the corporation's registered agents for service of process, if agents have been designated. In support of this holding, the court cited La. C.C.P. art. 1261 (to be discussed later). In the absence of service on a registered agent, the Lee court found that the entrance of a preliminary judgment against the defendant was absolutely null under La.C.C.P. art. 1201.[2]Lee at 965. The Lee court also found that the corporate defendant did not waive its right to service upon its registered agent by filing an answer and an exception of vagueness after the entry of the preliminary judgment. Lee at 965.
In his written reasons for judgment, the hearing officer notes that Lee is "a direct case on point." He further states, "I do not agree with this decision but I am powerless to rule otherwise. Therefore, judgment is rendered in favor of nullifying the preliminary default and granting a new trial."
*1316 On July 1, 1993, plaintiff filed the writ application addressed herein. He assigns error to the hearing officer's granting defendant's motion for new trial and vacating the default judgment of November 20, 1992. In support of his application, plaintiff cites a case decided by the Louisiana Third Circuit Court of Appeal, Losabia v. Cypress Hospital, 619 So.2d 151 (La.App. 3d Cir.), writ denied, 625 So.2d 1047 (La.1993), in which the court was faced with the same issue present in the Lee casethat is, whether service by certified mail on a corporate employer, but not on the employer's registered agent for service of process, was fatal to a default judgment rendered against the employer. The Losabia court declined to follow the holding and application of the Lee case, finding that service of process upon an employee of the defendant at the defendant's place of business was proper pursuant to provisions of the Louisiana Worker's Compensation Law; and the court found the service proper, despite the fact that the defendant had a registered agent for service of process who had not been served. Losabia at 154-155.
We granted plaintiff's writ application to address whether service by certified mail upon defendant at its place of business in this case was proper and sufficient to support the validity of the November 20, 1992 default judgment rendered by the hearing officer in favor of plaintiff, despite the lack of service upon defendant's registered agent for service of process. Although we find that service in this case was proper, we affirm the granting of a new trial on other grounds.

APPLICABLE STATUTES
In ordinary civil actions, service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process. La.C.C.P. art. 1261(A). If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either: (1) by personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or (2) by personal service on any employee of suitable age and discretion. La. C.C.P. art. 1261(B).
However, under the law in effect at the time plaintiff filed his worker's compensation claim, the procedure governing the service of claims in worker's compensation proceedings, was specifically set forth in former La.R.S. 23:1310.3(A)(2) (1991), which read:

Upon receipt of the petition, the director shall assign the matter to a hearing officer and shall send copies of the petition by certified mail to the named defendants. Within fifteen days of receipt of the petition or within a delay for answering granted by the hearing officer not to exceed an additional ten days, a defendant shall answer the petition. (Emphasis added.)[3]
A consequence of failing to file an answer within the specified fifteen days is established by former La.R.S. 23:1316 (1991) which read:
If the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner[,] the hearing officer shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter providing for payment of such compensation as is claimed to be payable until such time as *1317 the hearing of the issues on the merits is fixed by an order of the hearing officer at the request of the defendant. (Emphasis added.)[4]
In the instant case, it is undisputed that the citation was not served on defendant's registered agent for service of process, as would be required by La.C.C.P. art. 1261(A), but was simply sent by certified mail to the address of defendant's place of business. However, it is also undisputed that defendant, in fact, did receive the citation giving notice of plaintiff's claim, through its comptroller Dennis Maciasz, irrespective of the type of service used.

JURISPRUDENCE
Defendant argues that we should follow the decision of Lee v. Winn-Dixie of Louisiana, Inc. Acting under the same version of the statute applicable to the case before us, the Lee court decided that service of citation in a worker's compensation proceeding upon a corporate defendant had to be made upon the defendant's registered agent for service of process as is required by La.C.C.P. art. 1261. In reaching this conclusion, the Fourth Circuit apparently concluded that the service provisions of the Code of Civil Procedure are superimposed on the statutory framework of the worker's compensation laws.
Plaintiff, on the other hand, contends that the Lee decision is incorrect[5] and that this court should instead follow Losabia v. Cypress Hospital. In Losabia, the Third Circuit found that "[t]he statutory framework which undergirds our workers' compensation system does not provide that strict adherence to the service requirements of the Code of Civil Procedure shall apply" and went on to hold that service upon an employee of a defendant-employer by certified mail constituted proper service under La.R.S. 23:1310.3, despite the fact that the defendant-employer had a registered agent for service of process who had not been served. Losabia at 154-155.
However, it is important to note that Losabia was decided under a later version of La.R.S. 23:1310.3 than that applicable to the Lee case and to the case under consideration. The later version of La.R.S. 23:1310.3, interpreted in Losabia, read:
Upon receipt of the form, the director shall assign the matter to a hearing officer and shall send copies of the form by certified mail to the named defendants to effect service. The director may also effect service of process on any named defendant in any other manner provided by law. Within fifteen days of receipt of the form or within a delay for answering granted by the hearing officer not to exceed an additional ten days, a defendant shall file an answer. (Emphasis added.)
Finding that the above quoted statute gave the director the option to effect service of process in accordance with the Code of Civil Procedure, but that it did not require the director to comply with the Code, the Third Circuit held that service by certified mail on the defendant, but not on its registered agent for service of process, was proper under the statute. Losabia at 154-155. As is apparent, because the Losabia opinion dealt with a different version of the statute, it is not *1318 directly instructive on the proper interpretation of the pre-1991 amendment version of La.R.S. 23:1310.3 applicable to the facts of this case. Therefore, plaintiff's reliance on Losabia is misplaced. However, the inapplicability of Losabia does not lead to our automatic acceptance of the reasoning of Lee.

CONSTRUCTION OF CONFLICTING STATUTES
It is a generally recognized rule of statutory construction that when two statutes applicable to the same subject appear to be in conflict, the statute that is more specifically directed to the matter at issue must prevail, as an exception to the statute that is more general. Salter v. State, Department of Health and Human Resources, 612 So.2d 163, 165 (La.App. 1st Cir.1992); see also, Hayden v. Richland Parish School Board, 554 So.2d 164, 167 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990). Article 1261 of the Code of Civil Procedure is a general statute governing service of citation or other process on domestic and foreign corporations in ordinary civil actions. However, former La.R.S. 23:1310.3(A)(2) is more specifically directed to the type of service required on employer-defendants in worker's compensation proceedings. Therefore, the more specific statute (La.R.S. 23:1310.3(A)(2)), which merely requires that the hearing officer "send copies of the petition by certified mail to the named defendants" controls over the more general statute (La. C.C.P. art. 1261), which requires that service of citation on a corporation be "made by personal service on any one of its agents for service of process."
Therefore, we find that the hearing officer erred in granting the new trial based on the Lee case and the lack of service on defendant's registered agent for service of process. Service was properly made when the Office of Worker's Compensation sent a copy of the petition by certified mail to defendant at its business address. Because we find that service of process was proper, we need not address plaintiff's arguments that defendant waived its objection to improper service of process by making a general appearance in the administrative proceedings below and that defendant improperly used a motion for new trial to object to service of process.[6]

DEFECTIVE CITATION AS GROUNDS FOR GRANTING NEW TRIAL
While the hearing officer may have given the wrong reasons, he did reach the proper result in granting defendant a new trial. Because appellate review lies only from the hearing officer's judgment, not the reasons therefor, we affirm the granting of the new trial for a different reason. Regardless of the reasons, if a judgment is correct, it should be affirmed. Dufour v. Horton, 609 So.2d 1109, 1113 (La.App. 2d Cir.1992).
As earlier stated, it is undisputed that defendant actually received the citation and attached claim form giving notice of plaintiff's worker's compensation claim. However, the wording of the citation incorrectly informed defendant that a failure to respond to the citation within fifteen days of receipt would result in the scheduling and noticing of a hearing. The citation stated, in pertinent part:
If you do not do what the petition asks, or if you do not file an answer or legal pleadings within fifteen (15) days of receipt of this citation, a judgment of default may be entered against you without further notice. If you do not file an answer or legal pleading within the fifteen (15) days, a hearing will be scheduled; you *1319 will be notified of the location, date, and time of the hearing. (Emphasis added.)
The second sentence of the above excerpt from the citation is an incorrect statement of the then applicable law and practice of the Office of Worker's Compensation. According to former La.R.S. 23:1316, "[i]f the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner[,] the hearing officer shall immediately enter a preliminary judgment in favor of the petitioner ..." (Emphasis added.) Thus, the citation in this case, which informed defendant that it would be notified of a hearing to be scheduled upon defendant's failure to respond to the citation within fifteen days, is in direct conflict with the then applicable law, which provided for the entry of a preliminary default against a non-responding defendant, without prior notice to that defendant, upon a mere request by the petitioner. In fact, the record reveals that a preliminary default was entered and confirmed against defendant in this case without any prior notice to defendant.
Although it was erroneous, defendant was entitled to rely on the defective notice given in the citation; that is, defendant was entitled to expect that failure to respond to the citation would only result in the scheduling of a hearing and notification to defendant of the location, date, and time of the hearing. See Vicknair v. City of New Orleans, 522 So.2d 624 (La.App. 4th Cir.1988). Instead, a default judgment was entered and confirmed against defendant without defendant ever having the opportunity to present its side of the case. Article 1973 of the Code of Civil Procedure authorizes the granting of a new trial if there is good ground therefor. In this case, we hold that the issuance of the defective citation by the Office of Worker's Compensation warrants the granting of a new trial under article 1973.

DECREE
For the foregoing reasons, the writ is denied. We affirm the judgment of the hearing officer wherein the default judgment was vacated and the defendant was granted a new trial. This action is remanded to the Office of Worker's Compensation for a new trial. The costs of this writ are to be assessed by the hearing officer upon final judgment on the merits. La.R.S. 23:1317(B).
AFFIRMED AND REMANDED.
NOTES
[1] We note that, although initially cited as "Construction Material Shop", defendant's proper name is "Construction Materials, Inc."
[2] At the time of the Lee case, La.C.C.P. art. 1201 read:

Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
[3] Louisiana Revised Statute 23:1310.3 has been amended twice since 1991. The current, pertinent version of the statute, La.R.S. 23:1310.3(B) and (C), provides that, upon receipt of a form containing a claim for benefits, the director shall assign the matter to a district and set the matter for an informal conference before a dispute resolution officer. If the parties are unable to resolve their differences, "[u]pon notice from the dispute resolution officer that the parties were unable to resolve the dispute, the director shall effect service of process on any named defendant in any manner provided by law or by certified mail."
[4] Louisiana Revised Statute 23:1316 has been amended since 1991. The current version of the statute reads:

If a defendant in the principal or incidental demand fails to answer within the time prescribed by law or the time extended by the hearing officer, and upon proof of proper service having been made, judgment by default may be entered against him. The judgment shall be obtained by written motion.
[5] Plaintiff contends that the Lee court should have applied La.R.S. 23:1304, which provides in pertinent part:

Any notice or claim under this Chapter [Worker's Compensation] shall be given to the employer ... If the employer is a corporation, then the notice may be given to any agent of the corporation upon whom process may be served or to any officer or agent in charge of the business at the place where the injury occurred.
Assuming, without deciding, that the La.R.S. 23:1304 notice requirements encompass service and citation procedure, we find that this argument is without merit because there is no proof that notice was given to an agent of the corporation upon whom process may be served or to an officer or agent in charge of the business at the place where plaintiff's injury occurred.
[6] Plaintiff also argues that, even if a motion for new trial was the proper vehicle by which defendant was to raise its objections, the motion filed by defendant was not timely under La.C.C.P. art. 1974. However, La.R.S. 23:1317(A) specifically states that a worker's compensation hearing officer shall not be bound by technical rules of procedure other than as provided in the statutes governing worker's compensation proceedings. Therefore, it is doubtful that the period for filing a motion for new trial set forth in La.C.C.P. art. 1974 applies to this case; even if La.C.C.P. art. 1974 does apply, defendant's motion would not be considered untimely because there is no evidence in the record that defendant was served with notice of the confirmation of the default, which would have triggered the running of the delay for filing the motion for new trial. See La.C.C.P. arts. 1913 and 1974.