FREDERICKA HOMBERG WICKER, Judge.
 

 |2In this workers’ compensation case, the plaintiff/appellee, East Jefferson General Hospital (East Jefferson) seeks recovery from K & W Diners, LLC for medical services rendered to an employee of the Fat Hen Grill. K
 
 &
 
 W Diners, LLC failed to answer the petition and a default judgment was entered against them. They moved to annul the judgment. The motion was denied. K & W Diners, LLC timely appeals and contends that the Office of Workers’ Compensation (OWC) erred in denying the motion to annul. For the reasons that follow, the judgment denying the motion to annul is reversed.
 

 Facts and Procedural History
 

 This case arises from a workers’ compensation claim wherein the plaintiff/appel-lee, East Jefferson, rendered medical services on April 25, 2009, to Ms. Kathryn Corpora for injuries she sustained during the course and scope of her employment at the Fat Hen Grill — which operated as a restaurant located at 5108 Citrus Boulevard in Harahan, LA. The evidence indicates that the diner’s owner, Mr. Shane Pritchett, accompanied Ms. Corpora to the hospital. He informed the hospital that Fat Hen Grill was Ms. Corpora’s employer and the entity responsible for her treatment. It was later discovered that Fat Hen Grill did not have workers’ compensation insurance and $1,828.85 of the medical bill remained unpaid.
 

 |3East Jefferson filed a 1008 Disputed Claim for Compensation (1008 compensation claim) with the OWC on October 19, 2009, against “K & W Diners, LLC d/b/a Fat Hen Grill.” The disputed claim form was sent by certified mailed to Fat Hen Grill’s address on Citrus Blvd. The OWC received the return receipt acknowledging that service was made at the Citrus Blvd. address. Because “K & W Diners, LLC d/b/a Fat Hen Grill” failed to answer the claim, East Jefferson filed a Motion and Order for Preliminary Default which was entered and later confirmed on January 15, 2010. The judgment awarded East Jefferson $6,728.35, which included $1,828.35, the amount originally sued for, minus $600.00 Julie Pritchett paid after the litigation commenced. It also included $2,000 in penalties and $3,500 in attorneys’ fees.
 

 After the confirmation, East Jefferson filed a Motion and Order to Enforce Judgment with the OWC to transfer the judgment to the 24th Judicial District Court to make it executory. After the motion was granted, K & W Diners, LLC was served with the petition to make the judgment executory. Thereafter, K & W Diners, LLC filed a petition to annul the OWC judgment with the Office of Workers’ Compensation. In its petition to annul, K & W Diners, LLC alleged that it was never cited to appear in the action East Jefferson filed; it was unaware of the proceedings until its registered agent, Mr. E. John Litchfield, was served with the petition to make the judgment executory; and it never conducted business under the name Fat Hen Grill. It further alleged in its petition that, pursuant to an oral lease, it sublet the property located at 5708 Citrus to Royal Citrus, LLC, whose sole member, Mr. Pritchett, owned and operated the Fat Hen Grill. East Jefferson an
 
 *665
 
 swered the petition and filed a third-party-demand against Mr. Pritchett and Royal Citrus. East Jefferson, however, later dismissed that third-party demand.
 

 14At the hearing on the motion to annul, both parties conceded that K & W Diners, LLC and Royal Citrus were two separate and distinct entities. K & W Diners, LLC admitted that it registered the service mark “Fat Hen Grill” on May 12, 2009— seventeen days after Ms. Corpora was injured at work — but never conducted business under that name. K & W Diners, LLC stated, however, that it registered the service name as a favor to Royal Citrus/Mr. Pritchett. At the conclusion of the hearing, the court denied the motion to annul. K & W Diners, LLC appeals.
 

 Assignments of Error
 

 K & W Diners, LLC assigns the following errors:
 

 1. The OWC erred in denying the motion to annul because K & W Diners, LLC was never served with the petition and because it did not own, operate, or employ anyone at Fat Hen Grill; and
 

 2. The OWC erred in denying the motion because neither Royal Citrus nor Mr. Pritchett were K & W Diners, LLC’s mandataries.
 

 Discussion
 

 Service of the Petition
 

 In its first assignment of error, K & W Diners, LLC contends that the default judgment should be annulled because the 1008 compensation claim was not served on its registered agent for service of process. In ordinary civil actions, La. C.C.P. art. 1266(A) provides that service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process. In workers’ compensation cases, however, service may be made by certified mail. La. R.S. 23:1310.3(B), which governs workers’ compensation claims, provides, “upon receipt of the form, a district office shall Reflect service of process on any named defendant in any manner provided by law or by certified mail.”
 
 [1]
 

 This Court must decide whether service was proper when the OWC sent the 1008 compensation claim by certified mail to “K & W Diners, LLC d/b/a Fat Hen Grill” at 5708 Citrus Blvd. pursuant to La. R.S. 23:1310.3(B) or whether service should have been made pursuant to La. C.C.P. art. 1266(A).
 

 In determining whether service was proper, K & W Diners, LLC urges this Court to follow
 
 Lee v. Winn-Dixie of Louisiana, Inc.
 
 593 So.2d 961 (La.App. 4 Cir. 1992). In that case, the 1008 compensation claim was sent by certified mail to Winn-Dixie. When Winn-Dixie failed to answer, a default judgment was entered against it. Winn-Dixie moved to annul the judgment on the ground that the petition was not served on its registered agent for service of process.
 

 On January 30, 1992, when
 
 Lee
 
 was decided, former La. R.S. 23:1310.3(A)(2) provided “upon receipt of the petition, the director shall assign the matter to a hearing officer and
 
 shall send copies of the petition by certified mail to the named defendants.”
 
 (emphasis added). At that time, the version of the statute in effect provided for only one means of service— certified mail to the named defendants. Lee argued that La. R.S. 23:1310.3(A)(2)
 
 *666
 
 applied and not La. C.C.P. art. 1266 which required that service upon a corporation be made on its registered agent. The fourth circuit disagreed, however, and held that because Winn-Dixie’s registered agent was not served with process, the preliminary default was an absolute nullity-
 

 East Jefferson contends, on the other hand, that
 
 Lee
 
 is not controlling and urges this Court to follow
 
 Losabia v. Cypress Hosp.,
 
 619 So.2d 151 (La.App. 3 Cir.1993). There, the 1008 compensation claim was sent by certified mail to | r,Cypress Hospital. When Cypress Hospital failed to answer, a default judgment was entered against it. Cypress Hospital moved to vacate the judgment, arguing insufficient notice, in that, the claim should have been directed to Louisiana Psychiatric Company, Inc. which did business under the name Cypress Hospital. In that case, the third circuit applied La. R.S. 23:1310.3(B) and found that service by certified mail was proper.
 

 When
 
 Losabia
 
 was decided, the version of the governing workers’ compensation statute in effect was different than the version in effect at the time
 
 Lee
 
 was decided. Former La. R.S. 23:1310.3(A)(2) was amended on July 23, 1991 by Act 892 and provided:
 

 upon receipt of the form, the director shall assign the matter to a hearing officer and
 
 shall send copies of the form by certified mail to the named defendants to effect service. The director may also effect service of process on any named defendant in any other manner provided by law.
 
 (emphasis added).
 

 The revision stated that service
 
 shall
 
 be made by certified mail and
 
 may
 
 be made in any other manner provided by law. The third circuit in
 
 Losabia
 
 interpreted the revision to mean that the statute “gave the director the
 
 option
 
 to effect service of process in accordance with the Code of Civil Procedure, but that it did not
 
 require
 
 the director to comply with the Code.”
 
 Andre v. Constr. Material Shop,
 
 93-1212, p. 7 (La.App. 1 Cir. 3/11/94), 633 So.2d 1313, 1317.
 

 Though the third circuit in
 
 Losabia
 
 also considered La. C.C.P. art. 1266(A), the court stated that the workers’ compensation statutory framework was a specific body of written law that superseded the Code of Civil Procedure provision for service of process on employer defendants.
 
 Losabia, supra,
 
 at 153. It, therefore, applied La. R.S. 23:1310.3(B) and found that service by certified mail was proper.
 

 The first circuit in
 
 Andre
 
 compared both
 
 Lee
 
 and
 
 Losabia
 
 to resolve the issue presently before this Court.
 
 Andre
 
 analyzed both cases, noting the 17differences between the statutes. The first circuit in
 
 Andre,
 
 however, relied on the rules of statutory construction to resolve the issue of proper service of the 1008 compensation claim. In considering La. C.C.P. art. 1266(A) and former La. R.S. 23.1310.3(A)(2),
 
 Andre
 
 noted, “it is a generally recognized rule of statutory construction that when two statutes applicable to the same subject appear to be in conflict, the statute that is more specifically directed to the matter at issue must prevail, as an exception to the statute that is more general.”
 
 Andre, supra,
 
 at 1318. Therefore, the more specific statute which merely requires that the hearing officer send copies of the petition by certified mail to the named defendants controls over the more general statute.
 
 Id.
 

 Turning to the present case, former La. R.S. 23:1310.3(A)(2) was amended on July 7, 1992 by Act 760 which now provides:
 

 Upon receipt of the form, the director shall assign the matter to a hearing officer and shall send copies of the form
 
 *667
 
 by certified mail to the named defendants to effect service. The director may also effect service of process on any named defendant in any other manner provided by law. La. R.S. 23:1310.3(B).
 

 This statute was in effect when East Jefferson filed its 1008 compensation claim and is the statute under which this case is to be decided. Employing the rules of statutory construction, we likewise find that the more specific statute prevails. Therefore, service was proper when the 1008 compensation claim was sent by certified mail to the named defendants. That is not to say, however, that service must not be made on the proper party.
 

 Though service was properly made pursuant to La. R.S. 23:1310.3(B) by certified mail, it was not made on the proper party in this case. In
 
 Lee, Losabia,
 
 and
 
 Andre,
 
 there was never a question of whether the defendants were the plaintiffs’ employers. Here, however, K & W Diners, LLC contends that it did not |sown, operate, or employ anyone at Fat Hen Grill. K & W Diners, LLC and East Jefferson both agree that K & W Diners, LLC is a separate and distinct entity from Royal Citrus and Fat Hen Grill — both owned and operated by Mr. Pritchett not K & W Diners, LLC.
 

 In addition, K & W Diners, LLC was never served with process. Service was required to have been made by certified mail at 104 Metairie Heights — K & W Diners, LLC’s registered address. That did not happen. Instead, the OWC sent the 1008 compensation claim by certified mail to “K & W Diners, LLC d/b/a Fat Hen Grill” at 5708 Citrus Blvd. La. C.C.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken. Because K
 
 &
 
 W Diners, LLC was never served with process, we therefore find that the OWC erred in denying the motion to annul and that the judgment must be annulled pursuant to La. C.C.P. art. 2002(A)(2) unless East Jefferson’s contention that Mr. Pritchett and Royal Citrus are K & W Diners, LLC’s mandatary is valid.
 

 Mandatary
 

 In its second assignment of error, K & W Diners, LLC contends that the trial court erred in finding that an agency relationship existed between it and Royal Citrus and Mr. Pritchett. East Jefferson, on the other hand, contends that K
 
 &
 
 W Diners, LLC held Mr. Pritchett out to be its mandatory.
 

 A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal. La. C.C. art. 2989. In this case, we must determine the nature of the relationship, if any, that existed between K & W Diners, LLC, Fat Hen Grill, Royal Citrus, Mr. Pritchett, and East Jefferson on April 25, 2009.
 

 13Presently, Fat Hen Grill, Royal Citrus, and K & W Diners, LLC are all registered limited liability companies. On April 25, 2009, however, Fat Hen Grill did not exist as an incorporated business. Rather, it was merely a business name Mr. Pritchett used to operate the restaurant as a sole proprietorship. In contrast to a corporation or partnership, a sole proprietorship is not a legal entity.
 
 Haddad v. Elkhateeb,
 
 10-0214, 10-0308, p. 7 (La.App. 4 Cir. 8/11/10), 46 So.3d 244, 250. It is merely a designation assigned to a manner of doing business by an individual who is solely responsible for all of the debts and obligations of the business.
 
 Id.
 
 No legal
 
 *668
 
 distinction exists between the individual and the business.
 
 Id.
 
 (citation omitted).
 

 In this case, there was no legal distinction between Fat Hen Grill and Mr. Pritchett on April 25, 2009. Mr. Pritchett was therefore responsible for all of Fat Hen Grill’s debts and obligations.
 
 Id.
 
 K & W Diners, LLC, on the other hand, was an incorporated' business. Its registration with the secretary of state reflected three members — none of whom included Mr. Pritchett. Therefore, Mr. Pritchett did not have
 
 actual
 
 authority to bind K
 
 & W
 
 Diners, LLC. This, however, does not automatically lead to the conclusion that Mr. Pritchett was not K & W Diners, LLC’s mandatary if
 
 apparent
 
 authority exists.
 

 A mandatary’s power or authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct.
 
 Boulos v. Morrison,
 
 503 So.2d 1, 3 (La.1987). As between the principal and the mandatary, the limit of the mandatary’s authority to bind the principal is governed by the agent’s actual authority.
 
 Id.
 
 However, as between the principal and third persons, the limit of an agent’s authority to bind the principal is governed by his apparent authority.
 
 Id.
 
 As the Louisiana Supreme Court stated:
 

 1, (Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent, (citations omitted).
 
 Tedesco v. Gentry Develop., Inc.
 
 540 So.2d 960, 963 (1989).
 

 In order for the doctrine of apparent authority to apply, the principal must first act to manifest the alleged mandatary’s authority to an innocent third party.
 
 Boulos, supra,
 
 at 3. Then, the third party must reasonably rely on the mandatary’s manifested authority.
 
 Id.
 

 A third party who seeks to benefit from the doctrine of apparent authority may not blindly rely upon assertions of an agent.
 
 Id.
 
 He has a duty to inquire into the nature and extent of the agent’s power.
 
 Id.
 
 Given the circumstances of this particular case — someone in need of medical care — we cannot say that East Jefferson was unreasonable in relying on Mr. Pritch-ett’s authorization to treat Ms. Corpora. We must point out, however, that Mr. Pritchett disclosed Fat Hen Grill as Ms. Corpora’s employer not K
 
 &
 
 W Diners, LLC. Therefore, East Jefferson could have only reasonably believed it would receive payment from Fat Hen Grill.
 

 In this case, the medical intake form stated that both the payer and insurance group was Fat Hen Grill. The “remarks” section of the form also listed Fat Hen Grill, 5708 Citrus Blvd, Harahan, LA 70123. It was only after Mr. Pritchett failed to pay the hospital bill that East Jefferson learned, through further discovery, that K
 
 &
 
 W Diners, LLC leased the property located at 5708 Citrus Blvd. Therefore, East Jefferson could not have reasonably believed K
 
 &
 
 W Diners, LLC was responsible for paying the bill when it rendered medical services to Ms. Corpora.
 

 East Jefferson contends, on the other hand, that on April 25, 2009:
 

 there was nothing in the public records to indicate that KW was not doing business as the Fat Hen Grill at that location [5708 Citrus Boulevard]. To |nthe contrary, all indications in the public records including the Secretary of States records and the Conveyance Rec
 
 *669
 
 ords of Jefferson Parish were that KW was the proper party because it was leasing the business premises, and that it owned and had registered the trade name ‘Fat Hen Grill.’
 

 On the day in question, however, Fat Hen Grill was not registered as a service mark or as a limited liability company. In fact, K & W Diners, LLC did not register the Fat Hen Grill service mark until seventeen days
 
 after
 
 Ms. Corpora was treated by the hospital. Therefore, we find that the OWC erred in finding that Mr. Pritchett and Royal Citrus were K & W Diners, LLC’s mandataries.
 

 Alternatively, East Jefferson asks this Court to apply the putative man-datary doctrine if we conclude that Mr. Pritchett and Royal Citrus are not K & W Diners, LLC’s mandataries. The putative mandatary doctrine provides “one who causes a third person to believe that another person is his mandatary is bound to the third person who in good faith contracts with the putative mandatary.” La. C.C. art. 3021. The third party, however, must rely on the actions of the principal for the putative mandatary doctrine to apply.
 
 Boulos, supra,
 
 at 68. Here, K & W Diners, LLC did not perform any act to cause East Jefferson to believe that Mr. Pritchett or Royal Citrus was its manda-tary. To the contrary, the appellate record indicates that East Jefferson rendered services to Ms. Corpora solely based on Mr. Pritchett’s assertion that she was Fat Hen Grill’s employee. East Jefferson failed to produce any evidence that on April 25, 2009, it relied on anything other than Mr. Pritchetts assertion that Ms. Corpora was Fat Hen Grills employee and the entity responsible for payment of the medical bill. We, therefore, decline to apply the putative mandatary doctrine in this case.
 

 | ^Conclusion
 

 In sum, we find that K & W Diners, LLC did not own, operate, or employ anyone at Fat Hen Grill. We further find that K & W Diners, LLC did not hold Mr. Pritchett or Royal Citrus out to be its mandatary. In addition, we find that the OWC erred in denying the motion to annul and the judgment must be annulled pursuant to La. C.C.P. art. 2002(A)(2). Accordingly, the judgment appealed from is reversed.
 

 REVERSED
 

 [1]
 

 . This is the current version of the statute which became effective on July 7, 1992. There were two previous versions of this statute which will be discussed more fully in this opinion.