378 So.2d 1035 (1979)
Marie SCHRINER, Plaintiff-Appellee,
v.
RIVERSIDE COMPANIES, INC., d/b/a Parkview Estate Nursing Center, Defendant-Appellant.
No. 13985.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
Rehearing Denied January 9, 1980.
Writ Refused March 3, 1980.
*1036 Baker, Culpepper & Brunson by J. Michael McDonald, Jonesboro, for defendant-appellant.
Sanders & Castete, Ltd., a Professional Law Corp. by Herman A. Castete, Winnfield, for plaintiff-appellee.
Before HALL, MARVIN and BIGBY, JJ.
En Banc. Rehearing Denied January 9, 1980.
BIGBY, Judge.
Defendant appeals a judgment awarding workmen's compensation benefits for total and permanent disability and penalties and attorney fees. We affirm.
The issues on appeal concern the extent of plaintiff's disability and whether defendant was arbitrary and capricious in failing to pay plaintiff's claim.
Plaintiff served as Social Services Director and Executive Housekeeper of defendant's nursing home for approximately two years before she was injured. As Social Services Director, plaintiff took care of the personal needs of the patients, ran errands, moved furniture, and occasionally helped nursing aides bathe the patients. As Executive Housekeeper, plaintiff supervised the nurses and aides, planned work schedules, ordered supplies, and helped the nurses with various jobs whenever she was needed.
Defendant does not contest the occurrence of the accident. On December 11, 1978, plaintiff was helping a co-employee move a patient from an X-ray table when plaintiff severely injured her back. The contested issue is the extent of plaintiff's disability.
Under La.R.S. 23:1221, a worker is totally disabled if he is unable to pursue any gainful employment without experiencing substantial pain. Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App.3d Cir. 1978).
Defendant contends plaintiff is now capable of returning to some type of reasonable, gainful activity and that plaintiff's disability is not total, but only partial. Defendant contends that plaintiff is able to do certain light duty work at a nursing home, even in her present condition.
However, plaintiff's testimony as to her daily activities shows that she is not able to perform the lesser duties which defendant submitted she should be able to do. Plaintiff testified that since the accident she has trouble performing even her light household duties, such as cooking and washing dishes, and that she can only stand for about 20 minutes at a time because prolonged standing makes her very uncomfortable.
The testimony of plaintiff's physician generally corroborates plaintiff. He testified that when he last examined her she was still complaining of pain in her neck and in both extremities. He has not ruled out the possibility that plaintiff might have a ruptured disc. Her physician stated that plaintiff probably could do some light work but she will be in pain. When asked if he told her she could go back to work, he replied "No." When asked if he advised her against going back to work, he replied "Yes." Obviously the trial court accepted this testimony and we cannot say the trial court was clearly wrong.
The duration of plaintiff's condition could not be estimated. When the claimant is shown to be totally disabled at the time of trial and the duration of such disability is indefinite, a judgment for total permanent disability should be awarded. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976). We find no error in the trial court's conclusion that plaintiff was totally and permanently disabled.
*1037 La.R.S. 23:1201.2 provides that if payments are not commenced "within sixty days after receipt of written notice, when such failure is found to be arbitrary, capricious, or without probable cause," penalties and attorney's fees will be assessed.
The evidence shows that plaintiff made a written report of the accident the day it occurred and that she verbally informed her superior, the administrator of the nursing home. Three days after the accident, plaintiff gave the administrator a note from a doctor which stated that plaintiff needed hospitalization. When plaintiff attempted to register at the hospital, the nursing home would not give any authorization for payment for plaintiff's hospitalization. When plaintiff's druggist asked defendant's president to pay for plaintiff's prescription, he refused.
In Wactor v. Gurtler Hebert Construction Co., 343 So.2d 383 (La.App.4th Cir. 1977), the defendant's refusal to pay benefits was found to be arbitrary, capricious and without probable cause because of the defendant's knowledge of plaintiff's physical condition, its failure to investigate the circumstances of further employment, and the corresponding failure to make any effort to compensate plaintiff.
This case presents similar facts. The trial court specifically found that defendant made little or no investigation of the accident and refused to pay medical bills and the necessary hospital expenses for the plaintiff immediately after the injury. We find no error in the conclusion that defendant was arbitrary, capricious, and without probable cause in its refusal to pay benefits.
The judgment is affirmed at appellant's cost.