GARRISON, Judge.
This case arises out of an automobile accident which occurred on November 25, 1985 in New Orleans. At approximately 7:00 p.m., Rudolph R. Schoemann, III (Beau) was stopped on a motorcycle on St. Roch Street at the intersection of Gentilly Boulevard. A 1975 Chevrolet owned and operated by William P. Wiltz, III, crashed into him at a high rate of speed. This accident severed Beau’s spinal cord making him a paraplegic.
A Workmen’s Compensation suit was filed by Beau Schoemann against Rudolph R. Schoemann and Aetna Life and Casualty Company, Beau’s father and his Workmen’s Compensation insurer respectively. A settlement was obtained by the plaintiff against Allstate Insurance Company under the father’s uninsured motorist policy in the amount of $25,000.00.
Aetna filed a third party demand against Allstate asserting a right to reduction of benefits based on the settlement with Allstate. Allstate in turn filed an exception of no right of action. Three days before trial, American Service Life Insurance Company filed an intervention to recover medical expenses of $94,778.25 which it had paid on behalf of Beau Schoemann.
The trial court dismissed Aetna’s third party demand against Allstate holding no right and no cause of action. Judgment against Aetna was entered finding that Beau Schoemann was entitled to Workmen’s Compensation and was totally and permanently disabled. The court also found that the intervenor, American, was entitled to $94,778.24 plus interest, out of any money collected by the plaintiff in the related tort case from the defendant Wiltz or Workmen’s Compensation payments from Aetna. In the tort action, judgment was entered in favor of the plaintiff and against Wiltz for the sum of $1,179,911.89.[1] Aetna, Rudolph Schoemann, American and Beau Schoemann have appealed.
AETNA
Aetna argues that the trial court erred as follows: in finding that plaintiff’s injury arose out of and in the course of his “employment” with his father, in finding permanent total disability, in finding certain medical expenses and in failing to dismiss or diminish the Workmen’s Compensation *79 claim against Aetna based on the plaintiffs failure to notify it of the settlement.
Beau was employed by his father and his law firm at 3670 Gentilly Blvd. doing maintenance, filing legal proceedings, answering the telephone, running errands and a variety of such informal duties. He worked a regular 40 hours work week. He received a salary of $10.00 per hour, which was based on what he previously had received doing construction work in Florida.
His father’s business included more than the operation of a one man law firm. Because the law income was marginal his father was following two additional practices. One was that every evening he had Beau deposit in the bank any money which had come into the law business so as to offset any possible deficit in his bank account. The other was that every Christmas season he would sell some motorcycles from a stock which he had accumulated.
On the day of the accident Beau’s father told him to repair and test drive one of these motorcycles. Beau’s assignment was to put the Suzuki cycle back into shape for his father to sell at the approaching Christmas.
Trial testimony reveals that on the night in question Beau made a trip to pick up the key to the motorcycle from an employee of Suzuki shop on Airline Highway. This also represented an opportunity for him to test drive the cycle. In this connection he “hot-wired” the cycle then went over to get the key. Beau testified that he then headed back to the office to pick up the daily bank deposit which he was going to place in the night depository of the Hibernia Bank on Catón Street. It was while he was waiting in the neutral ground for the traffic to clear, at the intersection of Gentilly Boulevard and St. Roch Street, that the car driven by Mr. Wiltz hurtled off its course and smashed into him.
After the accident when the previously viable twenty-two year old Beau Schoemann awakened he found himself chained to an entirely different world for the rest of his life—a life in a wheel chair, a life of unending medical needs, catheters, prescriptions and countless other unpleasant complications. He found that he had been converted not only to being a paraplegic—but a hunch back as well. He found he had lost his bodily functions and would forever require medical care for pressure sores, skin, bladder, kidney, bowel, leg spasms, sex and depression—to mention only some of the difficulties awaiting him. For the remainder of his life, a life now shortened by ten years or more, he is condemned to be a paraplegic as well as a hunch back.
An injury “arises out of” the contract of employment if the employee’s activities at the time of the accident are work related, if they occur in the course of the employee’s customary or regular labor, if the services are substantial, essential and recurring. In Connor v. Frees Construction Company, Inc., 525 So.2d 241 (La.App. 1 Cir.1988), although the plaintiff had become a “jack of all trades” for the defendant, a contractor, although he had been assigned to do domestic work at the residence of corporate officers, the court held that he was not excluded from compensatory benefits. He was held, despite the different nature of his permanent task at the various homes, to be assisting fellow regular employees in their assigned task.
The delay or diversion of some minutes by young Schoemann in obtaining the key to the motorcycle is too incidental to require further comment and did not detract from the essential fact that he was engaged in the performance of one of his duties in keeping with his father’s one man enterprise.[2] We find that he was engaged in the course of his employment when the tragic accident occurred.
*80 Beau Schoemann’s injuries plainly constitute permanent total disability. LSA-R.S. 23:1221(4). See also: Schriner v. Riverside Companies, Inc., 378 So.2d 1035, 1036 (La.App. 2 Cir.1980). Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976). Cottonham v. Rockwood Ins. Co., 403 So.2d 773, 774 (La.App. 2 Cir.1981).
We cannot affirm the trial court’s reduction of the plaintiff’s rate of pay to the fictitious rate of $6.70 per hour in the face of evidence that it actually was $10.00 an hour. The basis for computing compensation benefits is the actual salary of the employee at the time of the accident. LSA-R.S. 23:1221(3). That adds up to an income of $400.00 in weekly wages, 66%% of which is $266.67. However, at the time of the accident the maximum compensation rate was $254.00 per week.
AMERICAN
Young Schoemann was the named insured under a major medical policy which was bought from American Service Life Insurance Company. American initially denied coverage but, after being sued, subsequently paid the $25,000.00 in settlement to Schoemann’s treatment providers.
Shortly before the trial in this case, American filed an intervention in the proceedings. The trial judge orally dismissed the intervention as being too late but, apparently overlooking that, rendered a judgment for American and against Rudolph Schoemann, III for reimbursement of the $94,778.24 which American had paid directly to the medical health providers (and, as it claimed, did so erroneously). To the extent that it affects any of the Worker’s Compensation proceeds going from Aetna to Beau Schoemann this judgment is in error and is prohibited by statute. LSA-R.S. 23:1205 provides that:
Claims or payments due under this Chapter shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages of the laborer; and shall not be assignable and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under a judgment for alimony in favor of a wife, or an ascendant, or descendant (emphasis supplied).
When American settled its suit with young Schoemann the release specifically provided: “The parties' further agree that all future claims will be paid according to the terms of the policy.” The release made no provision for Beau Schoemann to reimburse American for the $94,778.24 nor did Beau subrogate or assign any rights to American.
In Johnson v. Hospital Affiliates, 416 So.2d 207, 208-209 (La.App. 1 Cir.1982), the appellate court set forth the burden of proof needed to recover under a theory of unjust enrichment which American claims to be applicable. In that case, as here, the payments were not received by the party before the court. The appellate court denied the recovery, whether based on unjust enrichment or otherwise, saying
The evidence shows beyond question that the sum of money involved was received by the hospital from Prudential, not Johnson or his estate, albeit on his behalf ... It was Prudential who made the overpayment or erroneous payment. Ordinarily a payment by a debtor to the wrong person does not improverish the creditor at all because the creditor’s credit is not in any way diminished by the debtor’s mistaken payment. The only person who has a right of action is the one from whom the payee has unduly received it (in this case, Prudential).
UM CLAIMS
Aetna seeks to obtain the proceeds of the Schoemann family’s personal UM policies against Allstate Insurance Company and Government Employees Insurance Company. Allstate’s payment related entirely to pain and suffering and the trial judge correctly held that Aetna had no claim here. Beau Schoemann’s claim against GEICO also was for non-economic, losses and Aetna cannot reduce any payment from GEICO to Schoemann on this basis. Its claim is against the tortfeasor. Any recovery sought by Aetna cannot re *81 late to the victim’s pain and suffering nor non-economic factors but can only replace Aetna’s restitution for lost wages.[3]
JUDGMENT
The judgment of the trial court is affirmed but amended as follows:
Plaintiff-appellant, Rudolph M. Schoe-mann, III, is awarded total and permanent compensation at the rate of $254.00 per week commencing on November 25, 1985 and costs;
Plaintiff-appellant, Rudolph M. Schoe-mann, III, is awarded all medical and incidental expenses, including the accrued medical expenses of $134,839.60 plus legal interest and costs;
Intervenor-appellee, American Service Life Insurance Company, is awarded $94,-778.24 only out of any recovery by plaintiff-appellant, Rudolph M. Schoemann, III, from William P. Wiltz, III;
Penalties and attorneys fees requested by plaintiff-appellant Rudolph M. Schoe-mann, III are denied.
AFFIRMED AND AMENDED.

. A second appeal arising out of this tort action, has been consolidated with the appeals made in the Worker’s Compensation action. It arises out of a third party tort action by Beau & Aetna against U.M. carrier, GEICO.

. The trial court found that Beau was an employee of his father and that at the time of the accident he was engaged in the scope and course of that employment. This was a judgment of the credibility of the witnesses which should not be overturned unless manifestly erroneous. After a careful review of the record and transcript we cannot conclude that such error occurred below.

. See Brooks v. Chicola, 514 So.2d 7 (La.1987), 11-13. Johnson v. Fireman’s Fund Ins. Co., 425 So.2d 224 (La.1983) with particular regard to the concurrence of Justice Calogero on pages 230-231.