2EDWARDS, Judge.
This is an appeal by the defendant/employer, American Cyanamid Company (Cyanam-id), from a judgment rendered by the Office of Worker’s Compensation Administration, which ordered it to pay for a proposed plan of care of New Medico Rehabilitation Center of Louisiana (New Medico) and all related expenses associated therewith for the plaintiff, Henry J. Guidry, III.
Background Facts
In 1979, Mr. Guidry suffered a back injury during the course and scope of his employment with Cyanamid. As a result of this injury, Mr. Guidry underwent two surgical *949 procedures in attempts to alleviate the back injury. The second of these surgeries occurred in 1986, during which, for reasons still undetermined, Mr. Guidry sustained a permanent disabling organic brain injury.[1] Cyanamid and its worker’s compensation insurer have paid worker’s compensation benefits, including medical expenses, with the exception of the proposed plan of care at New Medico, which is the subject of this litigation.
The relevant facts are largely uncontested. The contested issues on appeal are whether the 1979 or the 1983 Worker’s Compensation Act is applicable and whether the plan of care proposed by New Medico is an expense which Cyanamid is obligated to pay under the applicable law. Cyanamid contends that the Workmens’[2] Compensation Act of 1979 applies and the plan of rehabilitation is not covered under that act, and furthermore, that even if the 1983 act were applied, the plan would not be covered. Mr. Guidry contends that the proposed treatment plan of New Medico is necessary to treat his disability and that the plan is covered under either the 1979 or 1983 Act.
jjThe Proposed Plan of Care
The plan of care proposed by New Medico, which is part of the record, lists the following goals and interventions for Mr. Guidry:
Goal Interventions
Reduce back pain Development of a comprehensive behavioral program consisting of stress management together with reinforcement of active, coping behaviors.
Improve cognitive skills and strategies Participation in computer and real life tasks to develop cognitive skills and compensatory strategies.
Increase strength and endurance Following assessment by a physical therapist, active involvement in a program designed to promote physical activities.
Address expressive verbal difficulties Development of pragmatic communication skills with continual feedback in a wide variety of situations.
Improve frustration tolerance Practice in cool down technique and development of appropriate assertive skills for dealing with frustrations.
Goal Interventions
Improve family stability Family therapy and education provided by staff behavior specialists and social worker.
Increase involvement in meaningful activities Development of avocational and vocational programs with supervised practice in appropriate activities.
Cyanamid contends that this rehabilitation plan is “purely to improve the quality of life” of Mr. Guidry. Cyanamid further contends that it is not required to pay for this rehabilitation plan “because the accident involving [Mr. Guidry] occurred in 1979, long before rehabilitation provisions were enacted in the Louisiana Worker’s Compensation Act” and that “even under the amended statute [1983], the proposed rehabilitation plan is not covered by the Act because [Mr. Guidry] cannot be returned to gainful employment.” The plaintiff contends that the proposed plan of care is to treat a disability, to improve his cognition deficit, to improve daily functions, and to bring him back to a better functional level both organically and psychologically. Plaintiff asserts that as such, the plan is in the nature of “medical” services and/or “non-medical | treatment” which is, and has been covered by worker’s compensation law in Louisiana since at least 1956.
Applicable Law
The compensation act in effect on the date of the accident from which plaintiffs injuries arose is controlling. Holiday v. Borden Chemical, 524 So.2d 285 (La.App. 1st Cir.), writ denied, 531 So.2d 283 (1988). The accident from which Mr. Guidry’s original back injury arose occurred in 1979. Under the 1979 statute, the employer’s’basic duty to furnish medical expenses was stated as follows, in pertinent part:
In every ease coming under this Chapter, the employer shall furnish all necessary medical, surgical and hospital services, and machines, or any non-medical treatment recognized by the law of this state as legal.
LSA-R.S. 23:1203. Cyanamid contends that since the vocational rehabilitation provisions were not added until 1983, the proposed plan of care at New Medico is not covered under *950 the law in 1979. Cyanamid further contends that even if the vocational rehabilitation provisions added in 1983 were applied in this case, the plan would not be covered because it would not assist Mr. Guidry in a return to gainful employment, which is the objective of the vocational rehabilitation provisions. Neither of these arguments has merit. The plan of care at issue in this case, unlike those in the cases cited by the appellant, (see, e.g., Picou v. Circle, Inc., 578 So.2d 1183 (La.App. 5th Cir.1991); Koslow v. E.R. Desormeaux, Inc., 428 So.2d 1275 (La.App. 3rd Cir.1983)) is not a vocational rehabilitation plan. The purpose of vocational rehabilitation is to educate and increase the job marketability of employees who cannot return to their former positions. Williams v. Kirk’s Tire and Performance Co., 546 So.2d 874 (La.App. 1st Cir.1989). Mr. Guidry’s disabling organic brain injury is so severe that a return to gainful employment is not even contemplated. Mr. Guidry’s entitlement to vocational rehabilitation is not at issue and appellant’s reliance on the application of these provisions is misplaced.
The proposed plan of care for Mr. Guidry is covered by the 1979 workers’ compensation law, LSA-R.S. 23:1203, because it is ls“non-medicaI treatment” which the employer is obligated to furnish. The rehabilitation which the plan is designed to provide, as reflected in the goals and interventions, is an alleviation of Mr. Guidry’s injury and disability and improved functioning skills. The medical evidence supports that such treatment is necessary for Mr. Guidry’s physical and mental condition. Therefore, it is a legitimate expense under LSA-R.S. 23:1203. See Williamson v. CIGNA/Insurance Company of North America, 595 So.2d 325 (La.App. 3rd Cir.), writ denied, 596 So.2d 197 (1992).
Therefore, the judgment of the office of worker’s compensation ordering Cyanamid to pay for the expenses of the New Medico plan and all other related costs is affirmed. Costs of this appeal are assessed to Cyanamid.
AFFIRMED.

. Mr. Guidry's petition alleges that he was dropped off the gurney "during the course of the surgery, or preparing for surgery or transportation to and from surgery.” A medical malpractice action is currently pending in the district court of New Orleans.

. The heading of Chapter 10 of Title 23 of the Louisiana Revised Statutes was changed from “Workmens' Compensation" to "Worker's Compensation” by Acts 1983, 1st Ex.Sess., No. 1, § 6.