|1KLEES, Judge.
Plaintiffs claim for medical expenses was dismissed by a judge of the Office of Worker’s Compensation Administration [O.W.C.A.] for lack of subject matter jurisdiction. The O.W.C.A. reasoned that plaintiffs suit belongs in civil district court because it seeks enforcement of a prior district court judgment. Defendants appeal the dismissal, arguing that the plaintiffs claim should remain in the O.W.C.A. We affirm.
The procedural history of the litigation is relevant to the issue of subject matter jurisdiction. On November 25,1985, the plaintiff, Rudolph R. Schoemann, III, was severely injured in an automobile accident while acting within the course and scope of his employment for his father, defendant Rudolph R. Schoemann. On March 4, 1986, plaintiff filed suit in civil district court against his father and his father’s workers compensation insurer, Aetna Life & Casualty Company [“Aetna”]. Following a trial on the merits, the district court rendered judgment in favor of the plaintiff, finding him to be totally and permanently disabled based on a weekly wage of $268.00. The court also awarded plaintiff the sum of $134,839.60 plus interest to cover accrued medical and incidental expenses, and retained jurisdiction to determine the ability of the plaintiff, a paraplegic, to perform on the job market. Both the plaintiff and the defendants appealed from that judgment to this court. On September 14, 1989, we amended the district court’s judgment to lower the permanent compensation rate to $254.00 per week (the statutory maximum at the time of the accident) and affirmed the judgment as amended. Schoemann v. Aetna Life & Casualty Co., 556 So.2d 77 (La.App. 4th Cir.1989). Our judgment stated, in pertinent part:
Plaintiff-appellant, Rudolph M. Schoe-mann, III, is awarded all medical and incidental expenses, including the accrued medical expenses of $134,839.60 plus legal interest and costs.
556 So.2d at 81.
The parties’ timely applications for rehearing was denied by this court, and the Louisiana Supreme Court denied wilts of certiorari. See 559 So.2d 1345 (La.1990).
On May 28, 1993, the plaintiff filed a claim for medical expenses with the newly formed Office of Worker’s Compensation Administration [“OWCA”] and a first supplemental and amending petition in district court. In both forums, plaintiff sought ^reimbursement from Aetna of post-trial medical expenses. In the district court, plaintiff also contended that Aetna had failed to pay plaintiff the $134,839.60 awarded in the original judgment. When the matter came before the OWCA, the judge noticed on his own motion the issue of a possible lack of subject matter jurisdiction. After receiving memoranda on this issue from the parties, the O.W.C.A. judge issued a ruling that the jurisdiction was in district court because plaintiff was seeking to enforce a prior judg- *828 merit of that court. Defendants have appealed.
Defendants argue that the O.W.C.A. has original jurisdiction over all claims for medical expenses filed on or after January 1, 1990 for injuries received on or after July 1, 1983, which were not previously the subject of a claim filed with the OWCA prior to January 1, 1990. See La.Rev.Statutes 23:1310.1 et seq. Defendants contend that because the original judgment is silent as to future medical expenses, plaintiffs claim for post-trial medical expenses is a totally new claim which, under the current workers’ compensation statutes, must be determined by the O.W.C.A.
In finding a lack of jurisdiction, the O.W.C.A. judge relied on Ross v. Highlands Insurance Co., 590 So.2d 1177 (La.1991). In Ross, the plaintiff sustained a work-related injury in 1986 and sued his employer and the employer’s compensation carrier in district court in 1989. The parties settled prior to trial, and the district court judge signed a consent judgment which held the defendants liable for “all medical expenses heretofore incurred by the petitioner and hereafter incurred by the petitioner, and for which said parties are responsible under the provisions of the Louisiana Workmen’s Compensation Statute.” 590 So.2d at 1179. In late 1990 when the defendants in Ross objected to paying some medical bills submitted by the plaintiff, the plaintiff filed suit in district court. The defendants filed a declinatory exception of lack of subject matter jurisdiction, claiming that the 1988 amendments to the Worker’s Compensation Act had divested the district court of jurisdiction in favor of the newly created O.W.C.A. The case ultimately was taken to the Louisiana Supreme Court, which held:
An action for enforcement of a judgment is not the same thing as an action on an underlying claim, nor is it a “new claim.” The plaintiff, in the instant petition, asks only for payment of medical expenses, that is, he asks for compliance with the April 1989 judgment which required the defendants to pay for all past and future medical 1 scare provided by the Act. As counsel for the defendants conceded at oral argument, the parties are only disputing whether the items Mr. Ross seeks constitute “appropriate medical care” under the Act. Hence, the only judicial task remaining is interpreting the district court’s original judgment in light of the expenses now sought by the plaintiff.
Once Mr. Ross’s petition is recognized for what it is, a suit for enforcement, it is clear the district court has jurisdiction to compel compliance with its own judgment unless other doctrines, such as the exhaustion of administrative remedies or primary jurisdiction, bar it from so doing. The Act does not, however, provide for any administrative remedies which must be exhausted before an enforcement suit may be brought.
Ross, supra, 590 So.2d at 1181.
After examining the language of our prior judgment in the instant case, we agree with the O.W.C.A. judge that plaintiffs suit herein is essentially a suit to enforce the prior judgment, not a new claim. Although we did not use the term “future” medical expenses, this court’s language in awarding “all medical and incidental expenses, including the accrued medical expenses of $134,839.60” [556 So.2d at 81 (emphasis added) ] clearly indicates that the judgment is not limited to the accrued medical expenses alone; it therefore contemplates further, post-trial, expenses. Therefore, as in Ross, this is a demand for something purely incidental to enforcement. To hold otherwise would result in a complex solution to a simple problem. Id. at 1183.
Accordingly, for the reasons given, we affirm the judgment of the O.W.C.A. dismissing plaintiffs claim on account of a lack of subject matter jurisdiction.

AFFIRMED.