ON MOTION TO ENFORCE JUDGMENT AND INCORPORATED MEMORANDUM

J2SCHOTT, Chief Judge.
This is before the court on a motion by appellee, Mark Mouton, to enforce a judgment he obtained before the Civil Service Commission of the City of New Orleans. After being suspended by his appointing authority, he took an appeal to the Commission which reversed the decision suspending him and restored all back pay and emoluments to him. The Fire Department took an appeal to this court, and the order of the Commission granting the appeal noted that the appeal was a suspensive appeal.
Appellee’s motion is predicated upon the argument that appellant is not entitled to a suspensive appeal. This position has merit. Rule 3-1.4 of the Uniform Rules-Courts of Appeal provides that a stay of the order of an administrative body pending review by the court of appeal may be granted by the administrative body only in those matters where the authority is expressly granted by law. We are not aware of any such law, and the appellant, although ordered to file a response to appellee’s motion within fifteen days after February 12, 1998, failed to do so. Under the cited rule this court may stay'the order of the commission, but appellant has not requested a stay in this, court and has not provided any reason to justify a stay even though given an opportunity to do so. See Reboul v. New Orleans Police Dept., 407 So.2d 509 (La.App. 4 Cir.1981). Consequently, the Commission’s decision reversing the appointing authority is enforceable.
| .-¡However, a judgment can be executed only by a trial court which in this case is the commission. LSA-C.C.P. Art. 2251. Consequently, appellee’s motion that the Commission’s order to restore to him all back pay and emoluments be enforced by this court is denied. There is no need for this *495 court to remand the case to the Commission, because it has the jurisdiction to give effect to its judgment while the ease is pending in this court. C.C.P. Art. 2088(7).

MOTION DENIED.