772 So.2d 194 (2000)
Henry J. GUIDRY, III
v.
CYTEC INDUSTRIES.
No. 00-197.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
*195 Henry J. Guidry, III, Cottonport, LA, pro se.
William F. Bologna, Habans, Bologna, Carriere, New Orleans, LA, Counsel for Defendant/Appellant, Cytec Industries.
Court composed of Judge ULYSSES GENE THIBODEAUX, Judge JOHN D. SAUNDERS and Judge MARC T. AMY.
THIBODEAUX, Judge.
In this workers' compensation case, Defendants, Cytec Industries, Incorporated and American Cyanamid Company, appeal the workers' compensation judge's granting of a default judgment in favor of Plaintiff, Henry J. Guidry, III, for medical treatment resulting from a work-related brain injury.
For the following reasons, we affirm in part, reverse in part, amend, and affirm as amended.

I.

ISSUES
We shall consider:
1. whether the Office of Workers' Compensation Administration had jurisdiction to enforce a judgment of the First Circuit Court of Appeal which had affirmed a judgment of the Office of Workers' Compensation Administration;
2. whether the Office of Workers' Compensation Administration erred in rendering a default judgment;
3. whether Henry J. Guidry, III failed to satisfy his burden of proof; and,
4. whether the award of attorney fees and penalties was manifestly erroneous.

*196 II.

FACTS
This case was previously heard by our brethren of the Louisiana Court of Appeal, First Circuit on the issue of whether American Cyanamid Company was required to pay for Henry J. Guidry, III's proposed rehabilitation plan. Guidry v. American Cyanamid, 93-1127 (La.App. 1 Cir.); 636 So.2d 948, writ denied, 94-1604 (La.1994); 642 So.2d 876. We are now faced with the primary issue of whether the Office of Workers' Compensation Administration has the authority to enforce the First Circuit's affirmation that American Cyanamid is responsible for payment of treatments and all other expenses.
It remains undisputed that Henry J. Guidry, III ("Guidry") sustained a back injury in 1979 during the course and scope of his employment. As a result of that injury, Guidry underwent two surgical procedures, the second of which resulted in Guidry suffering a permanent disabling organic brain injury in 1986. Guidry filed a Form 1008 with the Office of Workers' Compensation Administration ("OWCA"). The OWCA found in favor of Guidry, and ordered American Cyanamid Company ("American Cyanamid") to pay for the expenses at New Medico Rehabilitation Center of Louisiana and all other related costs.
American Cyanamid suspensively appealed the OWCA's judgment in 1992 to the Louisiana Court of Appeal, First Circuit. Defendant, American Cyanamid Company, contended that the rehabilitative services were not covered by the Louisiana Workers' Compensation Act which was in effect at the time of Guidry's 1979 job accident. American Cyanamid emphatically argued that it was not obligated to pay expenses that were not related to Guidry's return to work. The court affirmed the OWCA's judgment in 1994, and in 1999, Guidry filed with the OWCA to enforce the First Circuit's judgment.
On a motion by Guidry, a preliminary default judgment was entered against Cytec Industries, Incorporated ("Cytec Industries"), American Cyanamid's successor, on June 28, 1999, and judgment was rendered on July 27, 1999. Cytec Industries and American Cyanamid have now suspensively appealed to this court.

III.

LAW AND DISCUSSION

Original Jurisdiction
Cytec Industries and American Cyanamid argue that the OWCA has no jurisdiction to enforce an appellate court judgment, and that enforcement is proper only in district court. Louisiana Code of Civil Procedure Article 2251 is the basis of its argument, which, according to the Defendants, mandates the enforcement of an appellate court judgment in a district court. We disagree.
Louisiana Civil Procedure Article 2251 states, in pertinent part, that "[a] judgment can be executed only by a trial court." Previously, under the Code of Practice 1870, articles 617, 618 and 915, the execution of judgments rendered by appellate courts belonged to the courts by which the causes were tried in the first instance. Larcade v. Iseringhausen, 150 La. 1044, 91 So. 505 (La.1922). This principle has remained, and was applied by the Fourth Circuit Court of Appeal in Mouton v. Dep't of Fire, 97-2709 (La.App. 4 Cir. 3/25/98); 713 So.2d 494. In that case, Mark Mouton, the appellee, was suspended by his appointing authority. He appealed to the Civil Service Commission of New Orleans, which reversed the appointing authority's suspension. The Fire Department appealed to the Court of Appeal, Fourth Circuit, and Mouton filed motions to enforce the judgment he obtained before the Civil Service Commission and to restore the Commission's order to restore him to all back pay and compensation. The court denied the motion to restore Mouton to back pay and compensation, and it held that the Commission's decision *197 to reverse the appointing authority's suspension was enforceable. However, the judgment could be executed only by a trial court which, in that case, was the Commission.
Trial court is defined as, "The court of original jurisdiction where all evidence is first received and considered ..." BLACK'S LAW DICTIONARY 1046 (6th ed. 1991) (emphasis added). A district court does not have original jurisdiction to hear workers' compensation claims. In 1990, the legislature passed an amendment acknowledging an exception to the district court's mandatory and exclusive jurisdiction over civil matters by creating an administrative system specifically for workers' compensation matters. Pursuant to this amendment, La. Const. art. 5, § 16(A) currently provides, in applicable part:
(A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters ... (emphases added).
This constitutional amendment unquestionably allows an exception to the exclusive original jurisdiction of district courts in civil matters, and it allows the workers' compensation administrative agency to have exclusive original jurisdiction in administering compensation matters.
The Fourth Circuit Court of Appeal's decision in Schoemann v. Schoemann, 94-2541 (La.App. 4 Cir. 4/26/95); 654 So.2d 826, is in accordance with our finding that a trial court is a court of original jurisdiction in which the evidence is presented. In Schoemann, the plaintiff filed suit in civil district court against his father and his father's workers' compensation insurer, Aetna, after he was injured in a car accident while in the course and scope of his employment. The district court rendered judgment in favor of the plaintiff, and found him to be totally and permanently disabled based on a weekly wage of $268.00. The court awarded the plaintiff $134,839.60, plus interest, to cover accrued medical and incidental expenses. The plaintiff later filed a claim for medical expenses with OWCA and a first supplemental and amending petition in district court. In district court, and with the OWCA, the plaintiff sought reimbursement from Aetna of post-trial medical expenses. In the district court, plaintiff also contended that Aetna had failed to pay him the $134,839.60 awarded in the original judgment. The Fourth Circuit Court of Appeal properly denied the defendants' appeal by concluding that the OWCA lacked subject matter jurisdiction for enforcement of a prior district court action. (Emphasis ours).
In contrast, the present case was originally heard by the OWCA; therefore, subsequent matters which arise from the original matter are properly handled by the OWCA.

Notice/Service of Process
Cytec Industries and American Cyanamid aver that service was never made on either entity, and therefore, the default judgment should be reversed. Again, we disagree.
Cytec Industries and American Cyanamid contend that Guidry erred when he listed Cytec Industries as his employer on his Claim Form 1008 that was filed with the OWCA, as he was never employed by Cytec Industries. Cytec Industries maintains that Guidry was, instead, employed by its predecessor, American Cyanamid. Guidry explained that he was first employed by American Cyanamid, which was subsequently purchased by American Home Products, Incorporated ("American Home") which created Cytec Industries. American Cyanamid is now Cytec Industries. Stated another way, Cytec Industries is the successor company of American Cyanamid, the company in existence on the date of Guidry's on-the-job accident. As such, Cytec Industries stepped into the *198 shoes of American Cyanamid and assumed liability for the consequent actions related to the accident.
The record shows that American Home, Cytec Industries' parent company, was served, and this service was evidenced by a "Notice of Receipt of Service Green Card" dated May 5, 1999. A "Notice" dated May 26, 1999 is also found in the record, showing that service was made upon Cytec Industries, also.
Furthermore, the record contains a "Mediation Case Report" which specifically lists "Bill Bologna," as the person upon whom service of process was made on behalf of the employer. The report also provides that a procedural framework or a plan for proceeding had been established with respect to some or all the issues. The agreement between Guidry and Cytec Industries maintained that Guidry would have his rehabilitation counselor submit a plan to the employer's attorney for review by the insurer, and that Guidry would submit copies of all unpaid medical expenses and/or medical expenses paid by Guidry in which he was seeking reimbursement. The agreement was signed by Guidry. Cytec Industries refutes this by arguing that Bologna, the undersigned counsel, advised the mediator, via a telephone conference which was not actually a segment of the mediation conference, that he was neither retained by nor did he have the authority to accept service on either Cytec Industries or on American Cyanamid at that time. Defendants also state that Bologna made no appearance for either Cytec Industries or American Cyanamid. Although Cytec Industries and American Cyanamid adamantly present their arguments, they have apparently overlooked the fact that the section of the report entitled "Mediation Conference Not Held" was not checked, thereby indicating that the mediation conference was conducted. Only the section related to the procedural plan was checked.
Losabia v. Cypress Hosp., 619 So.2d 151 (La.App. 3 Cir.), writ denied, 625 So.2d 1047 (1993) embraces and controls this service of process issue. In Losabia, the plaintiff, Milagros Losabia, a registered nurse, was injured while employed at Cypress Hospital in Lafayette, Louisiana. Service was made on Cypress Hospital by certified mail. After the hospital failed to respond, a preliminary default judgment was rendered, and confirmation of the default was rendered in favor of Losabia, and against Cypress Hospital and its insurer, ABC Insurance Company. Cypress Hospital filed a motion to vacate, alleging insufficient notice of the claim. The basis of the motion was that "Cypress Hospital" was a trade name and had no legal existence. According to Cypress Hospital, the claim should have been brought against Louisiana Psychiatric Company, Incorporated which conducts business under the name "Cypress Hospital." The motion was denied by the hearing officer, and Cypress Hospital appealed. We agreed with Losabia that "the plain language of the workers' compensation laws allow service to be made upon Cypress Hospital by certified mail and does not require the claimant to know the employer's legal name or its registered agent for service of process. To do so would place too great a burden on the average lay person involved in a workers' compensation dispute." Losabia at 153.
The service of process issue in the present case is no different from that in Losabia. Louisiana Revised Statutes 23:1310.3(C) provides, "[u]pon notice from the workers' compensation mediator that the parties were unable to resolve the dispute, service of process shall be effected on any manner provided by law or by certified mail." The record unmistakably confirms that service upon Cytec Industries and American Home was made by certified mail. Our previous explanation of the creation of Cytec Industries shows that Cytec Industries and American Cyanamid are the same entity; therefore, service was appropriately made on Cytec Industries. Besides, Cytec Industries and *199 its attorney were fully aware that Guidry had been injured prior to the rendering of the default judgment.
The record clearly negates Cytec Industries' contention of lack of proper service argument. Accordingly, we conclude that service on Cytec Industries and on American Home, the parent company, was proper.

Burden of Proof
The Defendant companies assert that Guidry failed to carry his burden of proving his entitlement to benefits. Our review of the record finds no merit in this assertion.
La. R.S. 23:1316.1 states, in relevant part:
A. A judgment by default on behalf of any party at interest must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. A prima facie case shall include but not be limited to proof of the following:
(1) The employee's average weekly wage.
(2) The existence of an employer-employee relationship at the time of the work-related accident.
(3) The occurrence of an accident arising out of and in the course of the employment, or the existence of an occupational disease.
(4) Entitlement to benefits under the provisions of this Chapter.
The record shows that Guidry has effectively supported his claim for medical benefits. It is undisputed that Guidry suffered an injury while in the course and scope of his employment at American Cyanamid. Guidry sufficiently proved that at the time of his injury, he had an employer-employee relationship with American Cyanamid before it became Cytec Industries. Also, no contradictory evidence was presented to negate Guidry's evidence showing entitlement to medical benefits. In fact, Cyanamid and its workers' compensation insurer have paid Guidry benefits, including medical benefits, since 1979. The only exception was the proposed plan of care at New Medico Rehabilitation Center which was the issue of the First Circuit Court of Appeal hearing in 1994. Guidry, 636 So.2d 948.
Cytec Industries and American Cyanamid argue that Guidry has failed to show that the requested care is reasonable, necessary or related to his on-the-job accident. Our response to this, which is synonymous to that of our brethren of the First Circuit Court of Appeal in Guidry at 636 So.2d 948, is that Guidry can never return to work, a fact which dismissed American Cyanamid's original vocational rehabilitation argument. Furthermore, Guidry must be allowed non-medical treatment to reduce his pain and to improve his cognitive skills, strength and endurance, abilities which vanished as a result of his undisputed work-related accident.
Guidry has conclusively established a prima facie case supporting his claim for medical benefits.

Attorney Fees and Penalties
Cytec Industries and American Cyanamid's final argument is that the awarding of attorney fees and penalties, by the trial court, was manifestly erroneous. An award of attorney fees and penalties in a workers' compensation case is premised on a factual finding and should not be disturbed unless it is clearly wrong, or manifestly erroneous. Lemoine v. Schwegmann Giant Supermarkets, Inc., 607 So.2d 708 (La.App. 4 Cir.), writ denied, 609 So.2d 258 (La.1992). Based on our review of the record, we agree that the award of attorney fees was erroneous but disagree that the award of penalties was improper.
Guidry was unrepresented. While his efforts at self-representation resulted in *200 success, he did not incur legal expenses. Under these circumstances, the award of attorney fees was improper. See generally Lambert v. Byron, 94-854 (La.App. 3 Cir. 2/8/95); 650 So.2d 1201.
Guidry filed a Form 1008 Claim for Disputed Compensation with the OWCA because Cytec Industries stopped providing all medical benefits. His treatment at New Medico Rehabilitation Center was terminated while this matter was awaiting the hearing and judgment in the First Circuit Court of Appeal. In the interim, Guidry was able to locate The Bancroft Center, a facility which offered similar treatment to that at New Medico. The Defendants urge that the treatment sought by Guidry at The Bancroft was not necessary nor was it related to his 1979 on-the-job accident.
Although we agree with Cytec Industries and American Cyanamid and find that the award of attorney fees was clearly erroneous, we can not support their contention that the $2,000.00 award for penalties was groundless. Defendants erroneously rely on the "arbitrary and capricious" standard in determining whether Guidry should have been awarded penalties. We are statutorily bound by the "reasonably controverted" standard, and we find that the companies failed to provide sufficient factual and/or medical reasons for believing that they were not responsible for Guidry's full medical treatment. Brown v. Texas-La Cartage, Inc., 98-1063 (La.12/1/98); 721 So.2d 885 (citing Cook v. Kaldi's Coffee House, 97-0979 (La.App. 4 Cir. 1/28/98); 706 So.2d 1052); See also Broussard v. Dacon Corp., 96-1615 (La.App. 3 Cir. 4/2/97); 692 So.2d 1325.
We, therefore, find that the OWCA's judge improperly assessed Cytec Industries with $2,000.00 in attorney fees but accurately imposed $2,000.00 in penalties as set forth in Louisiana Revised Statutes 23:1201.

Patent Defect in Judgment
The OWCA's judgment erroneously confirmed judgment against Cytec Industries and American Cyanamid Insurance Company. The OWCA judge clearly wanted to cast American Cyanamid Company in judgment. We, therefore, amend the judgment to cast American Cyanamid, rather than American Cyanamid Insurance Company, in judgment.

IV.

CONCLUSION
For the foregoing reasons, the OWCA's judgment is affirmed in part, reversed in part, amended, and as amended, affirmed. Costs of the appeal are assessed to Cytec Industries and/or American Cyanamid Company.
AFFIRMED IN PART; REVERSED IN PART; AMENDED AND, AS AMENDED, AFFIRMED.