STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1060

BODY MASTERS

VERSUS

RAY C. FONTENOT

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT # 4
PARISH OF LAFAYETTE, NO. 02-07864
SAM L. LOWERY, WORKERS COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett, and Arthur J. Planchard,[*] Judges.

**REVERSED AND RENDERED.**

Woodard, J., concurs.

**Keith Joseph Landry**
**Allen & Gooch**
**P. O. Box 3768**
**Lafayette, LA 70501**
**(337) 291-1420**
**Counsel for Plaintiff Appellant:**
**Body Masters**

**Richard E Smith**
**The Glenn Armentor Law Corp.**
**300 Stewart St.**
**Lafayette, LA 70501**
**(337) 233-1471**
**Counsel for Defendant Appellee:**
**Ray C. Fontenot**

---

[*]Judge Arthur J. Planchard, Retired participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**Pickett, Judge.**

The appellant, Body Masters, appeals the judgment of the WCJ awarding attorney fees.

**FACTS**

Ray Fontenot injured his back while in the course and scope of his employment with Body Masters, Inc. This fact is undisputed. This appeal arises from a request by Body Masters to have an independent medical examiner appointed to review the necessity of surgery for Fontenot. Dr. Alan Appley, Fontenot's treating neurosurgeon, recommended surgery, while Dr. Stephen Goldware, a neurosurgeon chosen by Body Masters, recommended against surgery. Acting pursuant to La.R.S. 23:1123, Body Masters requested that the Office of Workers' Compensation (OWC) appoint a neurosurgeon as an Independent Medical Examiner (IME) to determine if surgery was necessary. That section states:

> If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.

After review, the OWC denied the request. Acting for the director, the assisstant secretary for OWC pointed to a previous IME opinion rendered in this case by Dr. Charles Olivier, an orthopedist. Dr. Olivier was appointed when Fontenot's treating orthopedist and Body Masters' choice of orthopedist disagreed on a course of action. His opinion was sought to address the nature and extent of Fontenot's disability, a recommendation for further treatment, and work status. His recommendations in his report stated:

> For the patient to get a CAT scan and a myelogram to follow. If this is positive, I would try a course of epidural steroids. If the patient

1

continues to have pain, I would recommend surgical intervention.

Body Masters appealed this decision to the Workers' Compensation Judge (WCJ), claiming that Dr. Olivier was only appointed to decide whether a CAT scan and myelogram were necessary. Following a one hour hearing on May 1, 2003, the WCJ found that surgery was indeed necessary and declined to appoint an IME. The WCJ did not award penalties, but did award attorney fees in the amount of $3,000.00. On appeal, Body Masters seeks review only of the ruling awarding attorney fees of $3,000.00. Thus, the issue of surgery is not before this court, and neither is the failure of the WCJ to award penalties.

## ASSIGNMENTS OF ERROR

In two assignments of error, Body Masters alleges that the WCJ erred in awarding attorney fees, and, alternatively, that the attorney fees awarded are excessive.

## DISCUSSION

The award of penalties and attorney fees is a factual determination that will not be disturbed on appeal absent manifest error. *Guidry v. Cytec Industries*, 00-197 (La.App. 3 Cir. 10/11/00), 772 So.2d 194.

The first issue raised by Body Masters is whether the issue of the surgery was before the WCJ at all. They claim they filed the disputed claim for benefits seeking a declaration that an IME neurosurgeon should be appointed. Fontenot never filed a 1008 claim seeking a determination that the surgery was necessary. Clearly, though, the pretrial memorandum submitted by Fontenot asks for the WCJ to decide that the surgery is necessary, and Body Masters has not appealed that portion of the judgment declaring that the surgery is necessary. The WCJ had the authority to order the surgery and had the authority to award penalties and attorney fees. Thus, this

2

argument is without merit.

The threshold issue in this case is under which statute attorney fees were awarded. Presumably, the award was made because of Body Masters' failure to pay for the surgery. "Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable  conduct by employers and insurers.  Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *Williams v. Rush Masonry, Inc.*, 98-2271, pp.8-9 (La. 6/29/99) 737 So.2d 41, 46 (citations omitted).

Louisiana Revised Statute 23:1201(F) provides that if benefits are not paid timely, penalties and attorney fees may be awarded, unless the claim is reasonably controverted. Louisiana Revised Statute 23:1201.2 provides for payment of penalties and attorney fees if benefits are discontinued, if such discontinuance is found to be "arbitrary, capricious, or without probable cause." Since this case does not involve any discontinuance of benefits, but payment for a surgical procedure, we will analyze this case under La.R.S. 23:1201(F). This conclusion is bolstered by the fact that the WCJ concluded in oral reasons for judgment that Body Masters had not been arbitrary and capricious.

Under La.R.S. 23:1201(F)(2), an employer will not be liable for penalties and attorney fees if the claim is reasonably controverted. In this case, the neurosurgeon who examined Fontenot at the request of Body Masters opined that surgery was not warranted. The test to determine if an employer has reasonably controverted a claim for workers' compensation benefits is whether the employer has sufficient factual and medical information to counter the claimant's factual and medical information. *Gibson v. Dynamic Industries, Inc.*, 96-1605 (La.App. 3 Cir. 4/2/97), 692 So.2d 1320.

3

Dr. Goldware's opinion is sufficient to reasonably controvert the claim. Therefore, attorney fees are not payable under La.R.S. 23:1201(F).

Accordingly, we reverse the judgment of the trial court awarding attorney fees. All costs of this appeal are assessed to the appellee, Ray Fontenot.

**REVERSED AND RENDERED.**